# EXHIBIT 1



1999 Harrison Street, 25th Floor, Oakland, CA 94612-3520
mail: P.O. Box 12979, Oakland, CA 94612-2979
tel: 510.451.0544   fax: 510.832.1486
www.donahue.com

May 7, 2014

**VIA CERTIFIED MAIL –
RETURN RECEIPT REQUESTED**

CSC-Lawyers Incorporating Service
as Registered Agents for Service of Process
for Scottsdale Indemnity Company
50 West Broad Street, Suite 1800
Columbus, Ohio 43215

    Re:    Meridian Sports Club Fullerton, LLC v. Scottsdale Indemnity Company
              Marin County Superior Court Case No. CV 1401674

Dear Sir or Madam:

    As Scottsdale Indeminty Company's registered agent for process of service, you are being served with enclosed Summons, Complaint, Notice of Case Management Statement, ADR information, and blank case management statement in the above-referenced matter. Please let us know if you have any questions regarding the enclosed. Thank you.

                                      Very truly yours,

                                      Pam Trempel
                                      Secretary to William R. Hill, Esq.

pjt
Enclosures

| | | POS-010 |
|---|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>William R. Hill, Esq.  114954<br>Donahue Fitzgerald LLP<br>1999 Harrison Street, 25th Floor<br>Oakland, California 94612<br>TELEPHONE NO.: (510) 451-0544   FAX NO. *(Optional):* (510) 832-1486<br>E-MAIL ADDRESS *(Optional):* rock@donahue.com<br>ATTORNEY FOR *(Name):* Plaintiffs Meridian Sports Club Fullerton, LLC | | *FOR COURT USE ONLY* |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Marin<br>STREET ADDRESS: 3501 Civic Center Drive<br>MAILING ADDRESS: P.O. Box 4988<br>CITY AND ZIP CODE: San Rafael, California 94913<br>BRANCH NAME: | | |
| PLAINTIFF/PETITIONER: Meridian Sports Club Fullerton, LLC<br><br>DEFENDANT/RESPONDENT: Scottsdale Indemnity Company | | CASE NUMBER:<br>CV 1401674 |
| **PROOF OF SERVICE OF SUMMONS** | | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents)*: Notice of Case Management Conference, Blank Case Management Statement

3. a. Party served *(specify name of party as shown on documents served)*:
      Scottsdale Indemnity Company, an Ohio corporatoin

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made)*(specify name and relationship to the party named in item 3a):*
      CSC-Lawyers Incorporating Service, Registered Agent for Process of Service

4. Address where the party was served:
   50 West Broad Street, Suite 1800, Columbus, Ohio 43215,

5. I served the party *(check proper box)*
   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: (2) at *(time)*:
   b. ☐ **by substituted service.** On *(date)*: at *(time)*: I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

   (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*: from *(city)*: or ☐ a declaration of mailing is attached.
   (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | Martin Dean's<br>ESSENTIAL FORMS™ | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |

Grieve, Chuck (1DBAB)

| PLAINTIFF/PETITIONER: Meridian Sports Club Fullerton, LLC | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Scottsdale Indemnity Company | |

5. c. ☑ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,
   (1) on *(date)*: May 7, 2014 (2) from *(city)*: Oakland, California
   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgment of Receipt.)* (Code Civ. Proc., § 415.30.)
   (4) ☑ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)
   d. ☐ **by other means** *(specify means of service and authorizing code section)*:

   ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. ☐ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of *(specify)*:
   c. ☐ as occupant.
   d. ☑ On behalf of *(specify)*: Scottsdale Indemnity Company
      under the following Code of Civil Procedure section:
      ☑ 416.10 (corporation) ☐ 415.95 (business organization, form unknown)
      ☐ 416.20 (defunct corporation) ☐ 416.60 (minor)
      ☐ 416.30 (joint stock company/association) ☐ 416.70 (ward or conservatee)
      ☐ 416.40 (association or partnership) ☐ 416.90 (authorized person)
      ☐ 416.50 (public entity) ☐ 415.46 (occupant)
      ☐ other:

7. **Person who served papers**
   a. Name: Pamela Trempel
   b. Address: 1999 Harrison Street, 25th Floor, Oakland, California 94612
   c. Telephone number: (510) 451-0544
   d. **The fee** for service was: $
   e. I am:
      (1) ☑ not a registered California process server.
      (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
      (3) ☐ registered California process server:
         (i) ☐ owner ☐ employee ☐ independent contractor.
         (ii) Registration No.:
         (iii) County:

8. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
   or
9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: May 7, 2014

Pamela Trempel
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL) ▶ *(signature)* (SIGNATURE)

# SUMMONS
# (CITACION JUDICIAL)

**SUM-100**

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**FILED**

MAY 1 - 2014

KIM TURNER, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: E. Chais, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SCOTTSDALE INDEMNITY COMPANY, an Ohio corporation and DOES 1-100

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MERIDIAN SPORTS CLUB FULLERTON, LLC, a California limited liability company

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site *(www.lawhelpcalifornia.org)*, the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

**CASE NUMBER:** *(Número del Caso):*
CV 1401674

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Marin County Superior Court
3501 Civic Center Drive
San Rafael, California 94913

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
William R. Hill, Esq., SBN 114954 (rock@donahue.com)   Telephone: (510) 451-0544
Carolyn E. Barreno, Esq., SBN 267486 (carolyn@donahue.com)   Facsimile: (510) 832-1486
DONAHUE FITZGERALD LLP, 1999 Harrison Street, 25th Floor, Oakland, California 94612

DATE: MAY 1 - 2014   Clerk, by KIM TURNER  E. CHAIS , Deputy
*(Fecha)*   *(Secretario)*   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Scottsdale Indemnity Company
   under: ☒ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov



WILLIAM R. HILL, #114954
rock@donahue.com
CAROLYN E. BARRENO, #267486
carolyn@donahue.com
DONAHUE FITZGERALD LLP
Attorneys at Law
1999 Harrison Street, 25th Floor
Oakland, California 94612-3520
P.O. Box 12979
Oakland, California 94604-2979
Telephone: (510) 451-0544
Facsimile: (510) 832-1486

Attorneys for Plaintiff
MERIDIAN SPORTS CLUB FULLERTON, LLC

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF MARIN

MERIDIAN SPORTS CLUB FULLERTON, LLC, a California limited liability company,

Plaintiff,

v.

SCOTTSDALE INDEMNITY COMPANY, an Ohio corporation and DOES 1-100,

Defendants.

Case No. CV 1401674

COMPLAINT

1. BREACH OF INSURANCE CONTRACT; AND
2. BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

FILED
MAY 1 - 2014
KIM TURNER, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: E. Chais, Deputy

COMPLAINT  CASE NO.

FAXED

Plaintiff Meridian Sports Club Fullerton, LLC ("Plaintiff") for its complaint against defendant Scottsdale Indemnity Company ("Scottsdale Indemnity"), states and alleges as follows:

## GENERAL ALLEGATIONS

1. Plaintiff is, and at all times herein mentioned was, a limited liability company, duly organized and existing under California law, with its principal place of business in San Rafael, Marin County, California.

2. Defendant Scottsdale Indemnity and Does 1 through 10 (hereinafter "Insurers") are, and at all times herein mentioned were, corporations and/or businesses of unknown origin, organized and existing under Ohio law, with their principal place of business in Scottsdale, Arizona. Insurers are and were authorized by the California Insurance Commissioner to transact, and are transacting, business in this state as property and casualty insurers.

3. Does 11 through 40 (hereinafter "Brokers") are, and at all times herein mentioned were, corporations and/or businesses of unknown origin, organized and existing under Indiana law, with their principal places of business in Chicago, Illinois. Brokers are and were authorized by the California Insurance Commissioner to transact, and are transacting, business in this state as broker-agents of property insurance on behalf of Scottsdale Indemnity.

4. Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does 1 through 100, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when the same have been ascertained. Plaintiff is informed and believes thereupon alleges that each of Does 1 through 100 is liable to Plaintiff as alleged in this complaint, and Plaintiff's rights against Does 1 through 100 arise from this liability.

5. Plaintiff is informed and believes thereupon alleges that at all times mentioned herein, Insurers, Brokers, and Does 41 through 100, inclusive, (collectively, "Defendants") and each of them, are and were the agents, partners, joint venturers, successors-in-interest, assigns, or employees of each other, and were at all times acting within the scope and course of the agency, partnership, joint venture, successorship, assignment, or employment. The acts and conduct of

each of the Defendants was known to, authorized by, and ratified by the other Defendants. Plaintiff is further informed and believes and thereupon alleges that each of the Defendants, including Does 1 through 100, is responsible for the acts alleged herein and will amend this complaint to show such manner when the same has been ascertained.

6. Plaintiff is the lessee on a ground lease for the real property situated at 1535 Deerpark Drive, Fullerton, Orange County, California 92831 (the "Property").

7. On or about July 30, 2011, in consideration of Plaintiff's payment of an annual premium of $33,499, Defendants, by their duly authorized agents, executed and delivered to Plaintiff in San Rafael, Marin County, California, their written policy of insurance bearing number KKI0000002031400 for the term of July 30, 2011 to July 30, 2012 (the "Policy"). Pursuant to the terms of the Policy, Insurers insured Plaintiff in the sum of $10,700,000 for:

A. Coverage

....direct physical loss of or damage to Covered Property at the premises described in the Declarations resulting from any Covered Cause of Loss.

The Property (1535 Deerpark Drive, Fullerton, California) was "Covered Property" under the Policy. "Covered Cause of Loss" is defined in the policy as "Risks of Direct Physical Loss," except certain excluded and limited losses, and includes "abrupt collapse" from certain designated causes. (Policy, Causes of Loss – Special Form, CP 10 30 06 07, at p. 7 of 9). An "abrupt collapse" is defined in the Policy as "an abrupt falling down or caving in of a building or any part of a building with the result that the building or part of the building cannot be occupied for its intended purpose." (*Id.*)

8. Additionally, pursuant to the terms of the Policy, if a collapse occurred at the Property, defendant Insurers also insured Plaintiff in the sum of $10,700,000 against:

(1) . . . loss to the undamaged portion of the building caused by enforcement of any ordinance or law that:

a. Requires demolition of parts of the same property not physically damaged by [the collapse];

b. Regulates the construction or repair of buildings, or establishes zoning or land use requirements at the [Property]; and

DONAHUE
FITZGERALD LLP
ATTORNEYS AT LAW
OAKLAND

c. Is in force at the time of loss.

(Advantage Plus Property, KRI-PROP-23 (10-09), at p. 10 of 13.) Defendant Insurers further insured Plaintiff in the event of a collapse in the sum of $500,000 against "[t]he cost to demolish and clear the [Property] site of undamaged parts of the [Property] caused by enforcement of any building, zoning or land use ordinance or law." (*Id.*)

9. On or about April 1, 2012, while the Policy was in full force and effect, the top floor level of the parking structure at the Property abruptly collapsed (the "Collapse") due to at least one of the covered causes iterated in the Policy. Plaintiff is responsible for the parking structure pursuant to its ground lease.

10. Due to the City of Fullerton's enforcement of ordinance or law, Plaintiff was required to demolish the entire parking structure.

11. In or about the Fall of 2013, Plaintiff submitted a claim to Defendants, for the Collapse and cost to remove the parking structure. Defendants retained an engineer who performed only a visual inspection of the parking structure and, without scientific method or analysis, provided Defendants with a report that the loss was caused only by excluded causes. With no further analysis or investigation, Defendants determined to deny Plaintiff's insurance claim.

12. On March 18, 2014 Defendants notified Plaintiff via mail that defendant Insurers were refusing to pay the claim based on the opinion of the above-referenced engineer.

## VENUE

13. This action is not subject to Civil Code § 1812.10 or § 2984.4. This action is subject to Code of Civil Procedure § 395.5. Defendant Scottsdale Indemnity is a corporation. The contract referenced herein was made and to be performed, the obligation or liability arises, and the breach occurred within this judicial district.

### FIRST CAUSE OF ACTION
(Breach of Insurance Contract)

14. Plaintiff refers to and incorporates, as if fully stated herein, paragraphs 1 through 13, inclusive, of this complaint.

15. At all times herein mentioned, Plaintiff had an insurance contract, the Policy, with the Defendants, by which Defendants promised to pay Plaintiff for the Collapse and the Loss, plus the cost of demolition, up to the limits and as otherwise set forth in paragraphs 7 and 8 above.

16. Plaintiff has performed all conditions of the Policy on its part to be performed and, in accordance with the terms of the Policy, gave Defendants due and timely written notice of and proof of the Collapse and the Loss.

17. Defendants failed and refused, and continue to fail and refuse, to pay Plaintiff for any part of the Collapse or the Loss.

18. As a proximate result of Defendants' failure and refusal as herein alleged, Plaintiff has been damaged in an amount equal to the cost to replace the parking garage at the Property, plus the cost of demolition of the garage.

## SECOND CAUSE OF ACTION
### (Breach of Implied Covenant of Good Faith and Fair Dealing)

19. Plaintiff refers to and incorporates, as if fully stated herein, paragraphs 1 through 18, inclusive, of this complaint.

20. Implied in the Policy was a covenant by Defendants that they would act in good faith and deal fairly with the insured and that they would do nothing to interfere with the rights of the insured to receive the benefits of the agreement.

21. By the provisions of the Policy, Defendants represented that they would pay Plaintiff in the event of a covered Collapse to covered property, plus the cost of demolition, up to the limits and as otherwise set forth in paragraphs 7 and 8 above.

22. Plaintiff has performed all conditions of the Policy on its part to be performed and, in accordance with the terms of the Policy, gave Defendants due and timely written notice of and proof of the Collapse and the Loss.

23. Defendants engaged and continue to engage in a course of conduct to further their own economic interests in violation of their duties to Plaintiff, including, but not limited to, the wrongful denial of benefits under the Policy and the following conduct:

    (a) Misrepresentation and omission of pertinent Policy provisions and coverage at issue to avoid payment of the claim;

    (b) Willful and malicious disregard by Defendants of their known obligation to pay Plaintiff for the Collapse and the Loss;

    (c) Unreasonable interpretation of the insurance Policy at issue;

    (d) Unreasonable delays in acting upon Plaintiff's claim;

    (e) Unreasonable and improper investigation and handling of Plaintiff's claim; and

    (f) Violation of various provisions of the California Insurance Code, California Insurance Regulations, and Business and Professions Code by virtue of the conduct alleged herein.

24. For the sole purpose of avoiding payment of Plaintiff's claim and retaining use of Defendants' money, Defendants, in breach of their covenant of good faith and fair dealing, intentionally, maliciously, and oppressively refused and failed to pay Plaintiff in accordance with the terms of the Policy.

25. As a direct and proximate result of Defendants' wrongful conduct as herein alleged, Plaintiff has been damaged in an amount equal to the cost to replace the parking garage at the Property, plus the cost of demolition, and Plaintiff has incurred, and continues to incur attorneys' fees and costs to obtain the wrongfully withheld insurance benefits.

26. In committing the acts described in this complaint, Defendants committed despicable conduct and acted in conscious disregard of the rights of Plaintiff and were guilty of fraud, malice and/or oppression. The conduct of Defendants as alleged above warrants an assessment of punitive damages in an amount appropriate to punish Defendants and deter others from engaging in similar wrongful conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For contractual damages in an amount according to proof, with interest on that sum at the legal rate from and after the date payment was due under the Policy until paid;

2. For attorney's fees incurred to obtain payment of the unreasonably withheld insurance benefits and costs in an amount according to proof;

3. For punitive damages; and

4. For such other and further relief as the court may deem proper.

Dated: May 1, 2014          DONAHUE FITZGERALD LLP

By: _____
William R. Hill
Attorneys for Plaintiff
MERIDIAN SPORTS CLUB FULLERTON, LLC

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, address and telephone #):*<br><br>STATE BAR NO:<br>ATTORNEY FOR *(Name):* | *FOR COURT USE ONLY* |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF MARIN<br>3501 Civic Center Drive<br>P.O. Box 4988<br>San Rafael, CA 94913-4988 | |
| **STIPULATION TO USE OF<br>ALTERNATIVE DISPUTE RESOLUTION PROCESS** | CASE NUMBER: |

The parties to the above action have stipulated that this case be submitted for Alternative Dispute Resolution to be decided at the Case Management Conference.

_____  _____
Dated                                     Attorney For

                                              _____

_____  _____
Dated                                     Attorney For

                                              _____

| | | CM-110 |
|---|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | | FOR COURT USE ONLY |
| TELEPHONE NO.: FAX NO.*(Optional)*: | | |
| E-MAIL ADDRESS *(Optional)*: | | |
| ATTORNEY FOR *(Name)*: | | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF | | |
| STREET ADDRESS: | | |
| MAILING ADDRESS: | | |
| CITY AND ZIP CODE: | | |
| BRANCH NAME: | | |
| PLAINTIFF/PETITIONER: | | |
| DEFENDANT/RESPONDENT: | | |
| CASE MANAGEMENT STATEMENT<br>*(Check one):* ☐ UNLIMITED CASE ☐ LIMITED CASE<br>(Amount demanded (Amount demanded is $25,000<br>exceeds $25,000) or less) | | CASE NUMBER: |
| A CASE MANAGEMENT CONFERENCE is scheduled as follows:<br>Date: Time: Dept.: Div.: Room:<br>Address of court *(if different from the address above)*:<br><br>☐ Notice of Intent to Appear by Telephone, by *(name)*: | | |

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. ☐ This statement is submitted by party *(name)*:
   b. ☐ This statement is submitted **jointly** by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) ☐ have had a default entered against them *(specify names)*:
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served)*:

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint *(Describe, including causes of action)*:

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

*Martin Dean's*
**ESSENTIAL FORMS™**

CASE MANAGEMENT STATEMENT

Cal. Rules of Court,
rules 3.720-3.730
www.courts.ca.gov

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

# CM-110

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
   The party or parties request ☐ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
   a. ☐ The trial has been set for *(date):*
   b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*
   c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
   The party or parties estimate that the trial will take *(check one):*
   a. ☐ days *(specify number):*
   b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
   The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
   a. Attorney:
   b. Firm:
   c. Address:
   d. Telephone number:
   e. E-mail address:
   f. Fax number:
   g. Party represented:
   ☐ Additional representation is described in Attachment 8.

9. **Preference**
   ☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
    a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
       (1) For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
       (2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.
    b. **Referral to judicial arbitration or civil action mediation** (if available).
       (1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under of Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
       (2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
       (3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

11. **Insurance**
    a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
    b. Reservation of rights: ☐ Yes ☐ No
    c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

12. **Jurisdiction**
    Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
    ☐ Bankruptcy ☐ Other *(specify):*
    Status:

13. **Related cases, consolidation, and coordination**
    a. ☐ There are companion, underlying, or related cases.
        (1) Name of case:
        (2) Name of court:
        (3) Case number:
        (4) Status:
        ☐ Additional cases are described in Attachment 13a.
    b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

14. **Bifurcation**
    ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

15. **Other motions**
    ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

16. **Discovery**
    a. ☐ The party or parties have completed all discovery.
    b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*
       Party                    Description                    Date

    c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

17. **Economic litigation**
    a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.
    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other issues**
    ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

19. **Meet and confer**
    a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

    b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____  ▶ _____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY)

_____  ▶ _____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.



MARIN COUNTY SUPERIOR COURT
P.O. Box 4988
San Rafael, CA 94913-4988

FILED
MAY 1 - 2014
KIM TURNER, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: E. Chais, Deputy

| PLAINTIFF: Meridian Sports Club vs. DEFENDANT: Scottsdale Indemnity | CASE NO. CV 1401674 NOTICE OF CASE MANAGEMENT CONFERENCE (CIVIL) |
|---|---|

This case is subject to the Trial Court Delay Reduction Act, Government Code § 68600 et seq., and Civil Rules of the Uniform Local Rules of the Marin County Superior Court (hereafter MCSC Civil Rules).

Pursuant to California Rules of Court 3.734, this case is assigned to Judge __Haakenson__, Department __E__. This assignment is for all purposes.

MCSC Civil Rule 1.20 and CRC 3.110(b) and 3.221(c) requires that the Summons and Complaint, a copy of this notice, a blank Case Management Conference Statement form, and an Alternative Dispute Resolution (ADR) information package be served and that Proof of Service be filed within 60 days of the filing date of this Complaint. CRC 3.110(d) requires that defendants file responsive pleadings within 30 days of service, unless the parties stipulate to an extension of not more than 15 days.

1. IT IS ORDERED that the parties/counsel to this action shall:

    a. Comply with the filing and service deadlines in MCSC Civil Rules 1.19 and CRC 3.110, or APPEAR IN PERSON at the Order to Show Cause hearing on the dates set forth below:

    Hearing on Failure to File Proof of Service      __7/14/14__ 8:30/**9:00 A.M.**

    Hearing on Failure to Answer                     __8/11/14__ 8:30/**9:00 A.M.**

    b. Appear for a Case Management Conference on   __9/22/14__ 8:30/**9:00 A.M.**

2. Telephonic appearance at Case Management Conference (CMC) may be available by contacting COURT CALL, an independent vendor, not less than five (5) court business days before the hearing date. Parties may make arrangements by calling (888) 882-6878. This service is subject to charges by the vendor.

3. You must be familiar with the case and be fully prepared to discuss the suitability of the case for binding or non-binding arbitration, mediation, or neutral case evaluation. **Counsel must discuss ADR options with their clients prior to attending the CMC** and should be prepared to discuss with the court their authority to participate in ADR.

4. Case Management Conference Statements must be filed and served on all parties, including the court, at least 15 calendar days before the CMC (CRC 3.725). **(A $49.00 sanction will be charged for late filing of a statement.)**

    **Case Management Conference Statement must be filed by** __9/5/14__

5. All Law and Motion matters will be heard on the calendar of the assigned Judge. Tentative Rulings are available online by 2:00 p.m. on the weekday preceding the hearing date at http://www.marincourt.org/civil_tentative.htm. If you need to make other arrangements, please call (415) 444-7170.

*Distribution: Original - Court File; Canary - Plaintiff*

| CV008 | NOTICE OF CASE MANAGEMENT CONFERENCE (CIVIL) | Rev. 2/4/14 |

US POSTAGE $7.61 05/07/2014 Mailed From 94612 neopost 045J83069188



7012 1010 0003 0437 8575

LAW OFFICES OF
DONAHUE FITZGERALD LLP
P.O. BOX 12979
OAKLAND, CALIFORNIA 94604-2979

TO: CSC-Lawyers Incorporating Service
as Registered Agents for Service of Process
for Scottsdale Indemnity Company
50 West Broad Street, Suite 1800
Columbus, Ohio 43215